UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-24433-JLK/Becerra

MOMODOU FES ROGERS,

    Petitioner,

v.

GARRETT J. RIPA,
in his official capacity as Field Office Director
of U.S. Immigration and Customs Enforcement,
Miami Field Office, *et al.*,

    Respondents.
_____/

## **ORDER DENYING OBJECTIONS TO REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court upon Petitioner's and Respondents' Objections, both filed on January 27, 2022, (DE 26, 27) to Magistrate Judge Jacqueline Becerra's Report and Recommendation ("R&R"), entered January 24, 2022 (DE 24). The Court has also considered Respondents' Response. DE 28.

On November 19, 2016, Petitioner, a refugee, was convicted of theft. R&R at 2. Petitioner was sentenced to five years of probation, but in May 2019, Petitioner's sentence was modified to three years imprisonment based on several probation violations. *Id*. On November 5, 2020, Petitioner was transferred to immigration custody where he continues to be subject to mandatory pre-removal detention pursuant to 8 U.S.C. § 1226(c) without ever receiving a detention hearing. *Id*. at 5. On August 6, 2021, an Immigration Judge ordered Petitioner be removed from the United States, and Petitioner's appeal is currently pending before the Board of Immigration Appeals (the "BIA"). *Id*. at 2.

On January 6, 2022, the Magistrate Judge held oral argument on this matter (DE 17) and had the benefit of supplemental filings regarding Petitioner's underlying criminal matters, and the average time it takes for the BIA to issue a decision. The R&R recommends that the Petition for Writ of Habeas Corpus (DE 1) be granted in part and denied in part. *See* R&R. It recommends granting insofar as Petitioner is entitled to a detention hearing before an immigration judge where the burden of proof should be placed on Petitioner but denied as to Petitioner's request for immediate release from custody or that his bond hearing be held in District Court with the burden on the government to prove danger and flight risk by clear and convincing evidence. *Id*.

I.     **RESPONDENTS' OBJECTIONS**

Respondents' Objections were timely filed within the applicable 5-day period.[1] Respondents argue that Magistrate Judge Becerra erred in finding that due process requires the Government to provide Petitioner with a bond hearing before an Immigration Judge. *See* Resp't Obj., DE 26. Specifically, Respondents argue that under *Demore*, continued mandatory detention is permissible because "there is no set point in time at which § 1226(c) becomes 'likely' unconstitutional, regardless of how long the removal proceedings and related detention lasts" if detention continues to serve the purpose of 8 U.S.C. § 1226(c). DE 26 at 4; *See Demore v. Kim*, 538 U.S. 510 (2003).

Respondents further argue that the Magistrate Judge did not properly weigh the "ultimate question" from *Demore*, whether the prolonged detention without a bond hearing has become unreasonable, unjustified, or arbitrary in light of the purpose of § 1226(c). *Id*. at 3 (citation omitted). Respondents state that instead, the Magistrate Judge used factors from the vacated case

---

[1] The Magistrate Judge shortened the objection period due to the expedited nature of this matter. At the hearing Parties "indicated that they did not object to a shortened objection period." R&R at 16.

*Sopo v. United States Attorney General*, 825 F.3d 1199 (11th Cir. 2016) in considering whether Petitioner is entitled to a bond hearing. *Id*.; *See* R&R at 9.

"*Demore* left open the question as to how federal courts should review an as-applied challenge to mandatory detention without a bond hearing." *Hamilton v. Acosta,* No. 20-cv-21318, 2020 WL 3036782, at *8 (S.D. Fla. May 8, 2020), *report and recommendation adopted*, 2020 WL 3035350 (S.D. Fla. June 4, 2020). The R&R correctly points that Justice Kennedy, in his *Demore* concurrence, stated that an "individualized determination" would ensure a delay did not violate due process, and in the Southern District of Florida, courts have analyzed Habeas petitions holding that as-applied constitutional challenges are permissible under *Demore*. *See e.g. id*. (citing *Demore*, 538 U.S. at 532–33 (Kennedy, J. concurring)).

After *Demore*, the Eleventh Circuit adopted the "case-by-case approach" in determining the point at which mandatory detention without a bond hearing becomes unreasonable, explaining that "'[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all the circumstances of any given case.'" *Almeida v. Sessions*, 2017 U.S. Dist. LEXIS 158920, at *9 (S.D. Fla. Sept. 26, 2017) (citing *Sopo*, 825 F.3d at 1215). It is true, the *Sopo* court's conclusion that there is an implicit temporal limitation against unreasonably prolonged detention without a bond hearing of criminal aliens detained under § 1226(c) was vacated by the Supreme Court in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). However, the R&R is correct in pointing out that *Sopo* remains persuasive in the Eleventh Circuit. R&R at 9 n.2. District courts in the Eleventh Circuit have continued to cite *Sopo* and use its factors in deciding the constitutionality of prolonged detention. *See, e.g., Msezane v. Garland*, No. 5:19-cv-51, 2020 U.S. Dist. LEXIS 39480, at *7 (S.D. Ga. Jan. 29, 2020) *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 37687, *1 (S.D. Ga. Mar. 2, 2020) (collecting cases across the Eleventh Circuit).

The Magistrate Judge's findings that Petitioner has (1) been in Respondents' custody for over one year and it appears that he will not be deported in the foreseeable future, (2) Petitioner could face another year of pre-removal detention without the benefit of a detention hearing, (3) there is no indication that Petitioner has delayed his pre-removal proceedings, and (4) Petitioner has been in Respondents' custody for approximately the same amount of time that he was imprisoned for his underlying crime, were appropriately analyzed and all weigh in favor of a bond hearing. R&R at 10–12. In this Circuit, individualized bond hearings for immigrants detained pursuant to § 1226(c) are appropriate, and the Magistrate Judge's findings of fact militate that Petitioner is entitled to a bond hearing.

## II.   PETITIONER'S OBJECTIONS

Petitioner also timely filed his Objections.

### A. Petitioner's Bond Hearing is to be Decided by an Immigration Judge

Petitioner first objects to his bond hearing being held in front of an Immigration Judge and argues that instead the hearing should be in District Court in front of a District Court Judge or Magistrate Judge. Petitioner points out that this Court's "Order to Show Cause and Setting Hearing and Oral Argument" (DE 5) found that "Petitioner is entitled to an immediate bond hearing" and scheduled Petitioner for a hearing on January 3, 2022, before the Magistrate Judge. Petitioner argues that the "law of the case" doctrine should prevail since the Court reached a finding of fact or legal conclusion and "that decision should continue to govern the same issues in subsequent stages in same case." Pet'r Obj., DE 17 at 5 (citing *Murphy v. F.D.I.C.*, 208 F.3d 959 (11th Cir. 2000)).

Respondents argue that the Court's Order to Show Cause (DE 5) that Petitioner uses to attempt to receive a bond hearing in District Court was entered upon Petitioner's Motion for

4

Expedited Consideration and for Order to Show Cause (DE 4), not his Habeas Petition (DE 1) and therefore only granted relief sought in the Motion for Expedition. DE 28 at 2. Therefore, the Order only scheduled this case for expedited consideration, and ordered Respondents to show cause why the writ should not be granted. *Id*. It is true that the parts of this Court's Order Petitioner cites may be interpreted as granting Petitioner a bond hearing. However, the Order also states that "Respondents are ordered to show cause and to address the issue whether Petitioner is entitled to the setting of reasonable bond" and referred to the Magistrate Judge to hold a hearing "set for consideration of Petitioner's Petition for Writ of Habeas Corpus. . . ." DE 5 at 1–2. Thus, it was not the Court's intention to weigh the merits of the Habeas Petition before the Magistrate Judge held her hearing.

Furthermore, Petitioner in arguing that the "law of the case" doctrine should apply, states that one exception to the doctrine is if "the prior decision was clearly erroneous and would result in a manifest injustice." DE 27 at 5 (citations omitted). The R&R was correct in stating the law, if the alien is detained, he may seek review of his detention by an Immigration Judge. R&R at 13; *See Nielsen v. Preap*, 139 S. Ct. 954, 959–60 (2019) (citing 8 CFR §§236.1(c)(8) and (d)(1), 1003.19, 1236.1(d)(1)). The alien may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community. *Id*. (citing 8 CFR §§1003.19(a), 1236.1(d)). Even in *Sopo*, the Court said plaintiff in ICE detention pursuant to § 1226(c) had an opportunity to obtain bond from the District Director, and if necessary, to appeal to the Immigration Judge, and then to the BIA. *Sopo*, 825 F.3d at 1220. (citing 8 C.F.R. §§ 1236.1(c), (d)). Holding that the bond hearing should not be in front of an Immigration Judge would be clearly erroneous and would result in manifest injustice, contradicting the Code of Federal Regulations.

5

### B. Petitioner Will Bear the Burden of Proof at His Bond Hearing

Petitioner secondly objects to the Magistrate Judge's recommendation that the Petitioner should bear the burden of proof at his bond hearing. Specifically, Petitioner argues that the Magistrate Judge's "side-by-side comparison" of 1226(a) and 1226(c) and conclusion against burden allocation on the government is wrong because "a growing body of persuasive authority urges the opposite conclusion." DE 27 at 9 (citations omitted). Petitioner relies on a number of out of Circuit cases, especially caselaw from the Second Circuit. DE 27 at 8–10 (citing *Hylton v. Decker,* 502 F. Supp. 3d 848, 855 (S.D.N.Y. 2020)) (citing Lopez v. Decker, 978 F.3d 842, 856 (2d Cir. 2020) (holding that the government bore the burden to prove petitioner in prolonged mandatory detention under § 1226(c) is either a flight risk or a danger to the community because *Velasco-Lopez* "interchangeably cites cases where the alien is held under § 1226(a) and § 1226(c) for the proposition that the standard of proof should be clear and convincing evidence.")

Respondents argue that Petitioner misapplies caselaw confusing the burden of proof for detainees pursuant to § 1226(a), while Petitioner is being held pursuant to § 1226(c). DE 28 at 6. Respondents state that if this Court is to grant Petitioner a bond hearing, *Sopo* is again instructive. *Id*. The Court agrees, *Sopo* acknowledges that courts are split on the question of which party should bear the burden. *See* R&R at 14; *See Sopo,* 825 F. 3d at 1219. However, "the criminal alien carries the burden of proof and must show that he is not a flight risk or danger to others." *Id.* (citing § 1236.1(c)(8) "the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.").

As the R&R points out, Petitioner initially relies on *Sopo* (when arguing he is entitled to an individualized bond hearing) but then attempts to bring in out-of-circuit caselaw to convince

the Court that *Sopo* was wrong in assigning the burden. R&R at 15. This Court follows caselaw within the Eleventh Circuit in assigning the burden. Therefore, the Magistrate Judge found correctly in allocating the burden at Petitioner's bond hearing in front of an Immigration Judge.

Upon performing a *de novo* review of the record and after careful consideration, the Court finds that Magistrate Judge Becerra's well-reasoned R&R (DE 24) accurately states the facts and law of the case.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that:

1. Respondents' Objections to Magistrate Judge Becerra's Report and Recommendation **(DE 26)** be, and the same are, hereby **DENIED;**

2. Petitioner's Objections to Magistrate Judge Becerra's Report and Recommendation **(DE 27)** be, and the same are, hereby **DENIED;** and

3. Magistrate Judge Jacqueline Becerra's January 22, 2022 Report and Recommendation (DE 24) be, and the same is, hereby **AFFIRMED and ADOPTED** as an Order of this Court;

4. Petitioner's Petition for Writ of Habeas Corpus **(DE 1)** is **GRANTED IN PART** insofar as Petitioner is entitled to a detention hearing before an Immigration Judge where the burden of proof should be placed on Petitioner; and

5. Respondents are to provide Petitioner an individualized bond hearing before an Immigration Judge **within thirty (30) days** of this Order where the burden of proof should be placed on Petitioner.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 25th day of February, 2022.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Jacqueline Becerra
      All counsel of record